# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

THOMAS GOELLER and
JANE C. GOELLER,

      Debtors.

Case No. 12-17123-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtors' objections to Proof of Claim No. 1 filed by AAFES/MIL STAR/EXCHANGE; Proofs of Claim No. 2 and 3 filed by Ashley Funding Services, LLC; and Proof of Claim No. 5 filed by Bank of America, N.A. No responses were filed by the creditors and the debtors request that the objections be sustained by default.

**Proof of Claim No. 1 of AAFES/MIL STAR/EXCHANGE**. The debtors scheduled Military Star as a creditor with no amount due and stated that the account was last active January 25, 2010. The proof of claim asserts a claim of $3,425.70 for "goods sold." The attachment to the proof of claim shows an original balance of $4,605.58 and the balance due as of October 25, 2010, as $3,425.70. It also states that no finance charges are included in the claim. The debtor objected on two grounds: first, that the creditor did not provide "any supporting documentation to prove how the amount claimed was calculated;" and, second, that no credit was given for "retaining their 2011 tax refund."

The apparent basis for the first objection is Fed.R.Bankr.Proc. 3001(c). The objection assumes that the claim is based on a writing that is not a consumer credit agreement, but there is no way to determine whether Rule 3001(c)(1) or (c)(3) – indeed, whether either – is applicable. The

claim may not be based on a writing. The proof of claim asserts that the claim arises from the sale of goods. A sale of goods from a base exchange or other store may well be an oral sale. Neither the proof of claim nor the debtor's objection provides any additional information and the court cannot determine from the papers which rule is applicable.[1]

The second objection, the failure to give credit for a payment, states a valid objection but the debtors must overcome the evidentiary effect of a proof of claim. Rule 3001(f). Merely making the allegation does not overcome the prima facie effect of the proof of claim. An evidentiary hearing is necessary.

**Proofs of Claim No. 2 and 3 of Ashley Funding Services, LLC.** Both of Ashley Funding Services' proofs of claims are the same except for the amounts claimed. Proof of Claim No. 2 claims $27.73; Proof of Claim No. 3, $70.88. A statement strictly complying with Rule 3001(c)(3)(A) is attached to each proof of claim. There is a specific block for all of the information required by Rule 3001(c)(3)(A). All of the information is provided except the date of the last payment and the last transaction. Those blocks were left blank.

The debtors object to the proofs of claim, asserting that the creditor is a "'debt buyer'" and that it "has not provided any documentation to support the original debt. The only documentation provided shows that Ashley purchased the debt, but it does not prove the original debt."

The requirement for filing a copy of the writing upon which a claim is based is dealt with differently depending on whether the claim is for an open-end or revolving consumer credit agreement. If it is a consumer credit agreement, Rule 3001(c)(3) applies. Subdivision A of Rule 3001(c)(3) sets out the information required. There is no requirement that a copy of the consumer

---

[1]The creditor does not claim a security interest so Rule 3001(c)(2)(B) and (C) are not applicable.

credit agreement be filed with the proof of claim. Instead, subdivision B provides that if a party in interest requests a copy of the consumer credit agreement, the creditor must provide it within 30 days to the requesting party. Rule 3001(c)(3)(B). It is not required to be filed with the court or that the proof of claim be amended. If the writing is not a consumer credit agreement, Rule 3001(c)(1) applies. There is a third possibility, that the claim is not based on a writing. This may occur if there was an oral sale of goods.

The court needs to determine which provision of Rule 3001(c) applies and, if there is non-compliance, the remedy. The creditor appears to be proceeding under Rule 3001(c)(3), a claim based on a consumer credit agreement. The form of the attachment to the proof of claim literally complies with Rule 3001(c)(3) and, except for the omission of two pieces of information, all of the information is provided. The debtor appears to be proceeding under Rule 3001(c)(1). The court notes that the claim appears to be for medical tests and takes notice of the fact that in many instances there is no written agreement between the patient and the laboratory conducting the tests or analyzing the sample. Many samples are taken in the doctor's office and forwarded to the laboratory without any written document between the patient and the laboratory.

If either Rule 3001(c) (1) or (3) applies, the question of the appropriate sanction or remedy must to be addressed. While Rule 3001(c)(2)(D) is structurally a part of Rule 3001(c)(2) – which is limited to cases in which the debtor is an individual – and not Rule 3001(c)(3), the introductory clause of subparagraph (c)(2)(D) refers to "any information required by this subdivision (c)." This includes all three paragraphs of Rule 3001, paragraphs (c)(1), (c)(2) and (c)(3), notwithstanding the structure of the rule and the absence of a corresponding provision or reference in paragraph (c)(3). Rule 3001(c)(2)(D) sets out potential remedies for a violation under Rule 3001(c)(1). While not

expressly stated, the list should be taken as inclusive and not exclusive of the sanctions and remedies available.  The remedies listed are permissive.  The rule provides that "the court *may*" take certain actions. (emphasis added.)  Disallowing the proof of claim is not the mandated sanction or remedy.  Precluding the holder of claim from presenting the omitted evidence in a contested matter or an adversary proceeding may have that result but that is a permissive, not a mandatory sanction.  Disallowance of the claim should not be the automatic result of failure to comply.   Other factors such as culpability, harm and materiality should be considered.

The questions here are whether the proofs of claim substantially conform to Rule 3001(c), whether the omitted information is material and whether the requested remedy – disallowance of the claims – is appropriate.  The omissions, if any, may be substantially justified or may be harmless in which cases, no penalty should be imposed.  The court notes that the debtor does not allege that she is not indebted on these claims. The objection appears to go to form, not substance.  An evidentiary hearing is necessary.[2]

**Proof of Claim 5 of Bank of America, N.A.**  Bank of America filed a proof of claim asserting a claim of $425,748.28 secured by the debtor's home.  Official Form 10 (Attachment A), an escrow analysis  and a copy of the note and the recorded deed of trust were attached to the proof of claim.  The arrearage asserted was $75,181.45.[3]  The debtors objected to the proof of claim on

---

[2] Rule 3001(c)(2)(D) requires "notice and hearing" before a penalty is imposed.  The objections filed here mention the alleged defects, but do not provide sufficient notice under Rule 3001(c)(2)(D) to allow imposing a penalty.

[3] The debtor's chapter 13 plan stated that there were no arrears due to Bank of America and did not propose to pay it anything.  Bank of America filed its proof of claim on April 8, 2013, after confirmation of the chapter 13 plan.  It stated that the debtors had missed 25 monthly payments and that the arrearage was $75,181.45.  The debtor listed Bank of America on Schedule D, Creditors Holding Secured Claims, stating that the account was opened on April 4, 2005 and that it was last active on December 27, 2010.  It is not listed as disputed.  Schedule I, signed on December 27, 2012, stated that Mr. Goeller had been employed at his present job for one month.  Question 1 on the Statement of Financial
(continued...)

three grounds: that Bank of America had not credited several payments made by the debtors; that the escrow amount listed on the Mortgage Proof of Claim Attachment did not match the amount shown on the escrow analysis[4]; and that the charge for "FCL Service" in the amount of $230.60 had not been explained or documented. The creditor has not responded to the proof of claim.

An objection to a proof of claim must be served in accordance with Fed.R.Bankr.P. 7004(h), which requires certified mail addressed to an officer or institution unless an attorney has made an appearance in the case in which case service may be made by the attorney by first class mail. Christine S. Patterson made an appearance on behalf of Bank of America, National Association on December 21, 2012. She purported to withdraw her appearance and substitute Susan C. Meyer in her place on April 12, 2013, but an attorney may not withdraw from a case except upon order of the court. Susan C. Meyer made an appearance on May 16, 2013. The objection to the proof of claim was served on Ms. Patterson on May 1, 2013. In light of the purported withdrawal of Ms. Patterson and the absence of a response, the court will require that Ms. Meyer be served with a motion requesting a default. In any event, the relief requested, disallowance of the proof of claim, will require a hearing.[5] The debtors need to present evidence rebutting the presumption of correctness

---

[3](...continued) Affairs, Income from Employment or Operation of Business, showed income for both Mr. and Mrs. Goeller as $12,530.61 for 2012, of which $4,188.47 was earned from Mr. Goeller's new employment. No income was reported in answer to Question 2. Question 3, Payments to Creditors, shows no payments to Bank of America or any other mortgage company within 90 days prior to the bankruptcy. Question 5, Repossessions, Foreclosures and Returns, states that a foreclosure sale was scheduled for December 4, 2012, the day after the petition was filed in this case. The chapter 13 trustee filed a motion to dismiss the case after Bank of America filed its proof of claim.

[4]The debtors note that the amount listed on Part 2 of the Mortgage Proof of Claim Attachment shows a pre-petition escrow shortage of $14,551.47 but that the Secured Claim Breakdown of the amount due as of December 3, 2012 shows the escrow shortage as $12,847.69. The amount on Part 2 contains the reference "see attached escrow analysis." The difference is very close to three months escrow payments.

[5]Disallowance is likely not the relief that the debtors want. Without an allowed claim, the chapter 13 trustee will not pay the bank and the purpose of the chapter 13 case – to cure the mortgage arrearage – will not be achieved.

of the proof of claim. They do not contest the substance of the claim and should be prepared to liquidate the amount of payments they assert they made that were not credited to their account.

The underlying principal governing these objections is that the bankruptcy claims process should be simple and straight-forward so that creditors are be promptly paid. This objective is furthered if creditors are able to file claims without undue expense or burden. At the same time, there must be standards so that trustees, debtors and other creditors can reasonably determine whether filed claims are proper. Rule 3001 endeavors to balance these competing principles. Mere non-compliance with the informational requirements of Rule 3001 such as attachment of documentation or providing specific information should not be, in and of itself, grounds to disallow the claim. If the proof of claim can reasonably be analyzed, it should not be summarily disallowed because it does not fully comply with the informational requirements of Rule 3001, but the creditor may be sanctioned for the non-compliance. Substantive objections on the merits of a claim, such as an incorrect calculation of the claim, that the claim is not owed or that payments have not been credited, are favored over objections to technical or procedural defects. In this case, there is a mix of both types. It is necessary to determine who the creditors are and the amounts of their claims. Objections intended to resolve these issues are entirely proper. Objections intended to eliminate claims so that a chapter 13 plan will "work" do not further the objectives of the bankruptcy claims process. Courts have some discretion with respect to default judgments. In this instance, the matters must be set for a hearing and the debtors must present evidence to support their objections.

DONE at Alexandria, Virginia, this 19th day of June, 2013.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:                    Copy mailed to:

Randall John Borden
Thomas P. Gorman
Christine S. Patterson
Susan C. Meyer
Judy A. Robbins

AAFES/MIL STAR/Exchange
c/o Creditors Bankruptcy Service
Attn: D. M. Mason
P. O. Box 740933
Dallas, Texas 75374

Resurgent Capital Services
Attn: Susan Gaines
P. O. Box 10587
Greenville, South Carolina 29603-0587

Chase Record Center
Attn: Correspondence Mail
Mail Stop – LA4-555
700 Kansas Lane
Monroe, Louisiana 71203

18610